IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRELL M. DAVIS                                                          PLAINTIFF

v.            Civil No. 4:11-cv-04083

WILLIAM "BILLY" MORITZ                                    DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Terrell M. Davis, currently an inmate of the Arkansas Department of Correction, Varner Unit, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Before me is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

### 1. Background

According to the allegations of the complaint, Plaintiff was arrested in California on April 13, 2011, and extradited back to Arkansas on May 4, 2011. The charges he was arrested on stem from incidents occurring in April of 2005 and April of 2006.

Plaintiff had his first appearance and he was ordered detained without bond. He was also appointed a public defender, William "Billy" Moritz.

Although he attempted on numerous occasions to contact Mr. Moritz, Plaintiff states he received no response and only saw him on days on which Plaintiff had a court appearance. On June

30, 2011, Plaintiff was presented with a plea bargain on a failure to appear charge that had been filed on June 13, 2011. The plea bargain was for eighteen years but contained no mention of the original charges of aggravated assault, possession of firearms, theft of property over $2,500, and residential burglary. Plaintiff sates he was told they were not worried about these charges because "most likely they was not gone find the witness"

Plaintiff agreed to the plea agreement because the way Mr. Moritz described it he felt he had no choice. However, when the papers were brought for him to sign, Plaintiff states he noticed the 2006 charge was included as well as another charge of the possession of a controlled substance with intent to deliver. Plaintiff states he repeatedly attempted to obtain necessary information from Mr. Moritz but received nothing. Plaintiff maintains Mr. Moritz was ineffective as his counsel.

**2. Discussion**

The Plaintiff is an inmate of the Arkansas Department of Correction, Varner Unit. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.).  *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he has no income or assets.  The records from the Hempstead County Detention Center show his monthly balance averaged about one hundred eight dollars and thirty-two cents ($108.32).   The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted.  To state a claim under § 1983, a Plaintiff must allege that the Defendant, while acting under color of state law, deprived him of a federal right.  In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings.  Thus, when the claim is merely that a public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983.  *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).  Clearly, no claim is stated in this case.

### 3.  Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* (Doc. 2 & Doc. 4) be denied and Plaintiffs' Complaint be dismissed without prejudice.  Despite the dismissal of the complaint, the Plaintiff remains liable for the $350 filing fee under the provisions of the Prison Litigation Reform Act (PLRA).  *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)(Under PLRA, prisoners are responsible for filing fees from the moment the civil action is filed).  The Clerk should be instructed to collect the $350 filing fee from the Plaintiff.

The dismissal of this action will also constitute a strike under the PLRA. For this reason, the Clerk should be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of November 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE